**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHATORIA KIERRA PITTS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:25-CV-347 (CAR)** |
| | : | |
| **MACON WATER AUTHORITY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

Before the Court is *pro se* Plaintiff Shatoria Kierra Pitts's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiffs' Affidavit, it appears she is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 3] is **GRANTED.** But, because Plaintiff fails to allege facts sufficient to establish this Court has jurisdiction over this case or to state any viable claim for relief, **there will be no service of process until further order of this Court.**

If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) she **must file a recast Complaint within 21 days** of the date of this Order, which will supersede her original Complaint, as hereinafter directed. Plaintiff's "Motion for Default Judgment as to Royal Covenant & Heavenly Decree of Redemption, Abundance, Restitution & Sovereignty" [Doc. 5] is **DENIED** as patently frivolous.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show [s]he is "absolutely destitute" to qualify under § 1915(a), [s]he must show that "because of h[er] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states she receives no income,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

has no assets, is unemployed, and receives $290 from public assistance.[5] Thus, Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 3] is **GRANTED**.

### B. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The

---

[5] Plaintiff's Motion to Proceed IFP [Doc. 3 at 1–2].

[6] 28 U.S.C. § 1915(e)(2)(b).

[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[9] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[10] *Ashcroft*, 556 U.S. at 663.

plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[11] But "[d]espite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading."[12] *Pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[13]

### 1. Factual Background

Plaintiff, who identifies herself as "General Executrix—Daughter of Zion, Crowned with Glory," "Executrix Princess," and "Trustee and Trust Protector of the TORYKATT ROYAL LIVING TRUST," claims Defendant Macon Water Authority unlawfully disconnected her water service despite Plaintiff's full payment via a United States Postal Service money order.[14] Plaintiff seeks over four million dollars in damages for violations of unspecified constitutional rights and laws, including "the use and dishonor of a U.S. Postal Service Money Order,"[15] "tampering with trust property," "trespass on private land," "dishonor of a lawful incident," "interference with trust operations," "tampering with trust property," "trespass on private land," "dishonor of a lawful instrument," "interference with trust operations," "failure to honor money order,"

---

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[12] *Osahar v. United States Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

[13] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[14] Complaint [Doc. 1]; Schedule of Fees/Claim [Doc. 1-5].

[15] Complaint, p. 1.

"interference with commerce," "tampering with water meter," and "unauthorized water shutoff."

Plaintiff has also filed a "Notice of Wrongful Shutoff & Demand for Restoration" to serve as "formal notice that [she] reserve[s] all rights under the Uniform Commercial Code, Georgia law, and federal law to seek reimbursement, damages, and other remedies for losses caused by this wrongful act";[16] an "Affidavit of Non-Response, Certificate of Default, Appointment of Fiduciary Duty, Default Judgment, and Full Pardon" wherein she "appoints" the undersigned "as fiduciary and trustee bound by oath" to "protect[ ] and preserv[e] the Estate, enforc[e] th[e] judgment; and discharge[e] all unlawful claims";[17] and a "Motion for Default Judgment as to Royal Covenant & Heavenly Decree of Redemption, Abundance, Restitution & Sovereignty."[18]

## 2. Analysis

First, Plaintiff fails to allege facts from which this Court can determine whether it has jurisdiction over her claims. Federal courts are courts of limited jurisdiction. A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[19] Federal courts have

---

[16] [Doc. 2].
[17] [Doc. 4].
[18] [Doc. 5].
[19] *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

diversity jurisdiction over civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds $75,000.[20] Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."[21] For purposes of diversity jurisdiction, a corporation is a citizen of the state, or states, in which it is incorporated and the state where it has its principal place of business.[22] A district court may *sua sponte* "address the issue of subject matter jurisdiction at any time."[23]

Plaintiff states this "matter involves federal questions, including the use and dishonor of a U.S. Postal Service Money Order, trust property interference, and constitutional rights,"[24] but she fails to identify any federal statute or constitutional right Defendant has allegedly violated. Plaintiff also seems to invoke this Court's diversity jurisdiction, as she states the "amount in controversy exceeds $75,000 exclusive of interest and costs,"[25] but it appears Plaintiff and Defendant do not have diversity of citizenship. Thus, Plaintiff must recast her Complaint with allegations sufficient to establish this Court has subject matter jurisdiction over this case.

---

[20] 28 U.S.C. § 1332.

[21] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir 1998) ("[D]iversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant."); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) ("The presence of [a] nondiverse party automatically destroys original jurisdiction.").

[22] 28 U.S.C. § 1332(c).

[23] *Herskowitz v. Reid*, 187 F. App'x 911, 912–913 (11th Cir. 2006) (citations omitted).

[24] Complaint, p. 1.

[25] *Id*.

Second, Plaintiff has failed to state any viable claim for relief. The Court cannot discern any cause of action under federal or state law. Plaintiff states she "reserve[s] all rights under the Uniform Commercial Code, Georgia law, and federal law to seek reimbursement, damages, and other remedies for losses caused by this wrongful act," and also references "conversion of funds," "breach of agreement," and "public health and safety hazard,"[26] but she alleges no facts to support any such claims.

Given Plaintiff's *pro se* status, the Court will afford her an opportunity to amend her complaint to state viable claims.[27] The Court will not look back to the facts alleged in the original complaint once any amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).[28]

In the "statement of claims" section of her amended complaint, Plaintiff must link any claims she makes to the named defendant. If Plaintiff fails to link the named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of her complaint against the named defendant, that defendant will be removed from the action and dismissed. Plaintiff must provide enough facts to plausibly demonstrate

---

[26] "Notice of Wrongful Shutoff & Demand for Restoration," p. 1 [Doc. 2].

[27] *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend h[er] complaint instead of dismissing it.").

[28] *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

the defendant's actions or omissions resulted in the violation of her rights under a specific law. It is recommended that, when drafting her "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of the defendant's action?

(4) What law did the defendant violate?

In drafting her recast Complaint, Plaintiff should take care to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[29] Complaints that violate these Rules "are often disparagingly referred to as 'shotgun pleadings.'"[30] Shotgun pleadings may contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"[31] or fail to separate each cause of action or claim for relief into a separate count.[32] "The unifying characteristic of all types of shotgun pleadings is that they fail to one

---

[29] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"

[30] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

[31] *Id.* at 1322 (footnote omitted).

[32] *Id.* at 1323 (footnote omitted).

degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[33]

Plaintiff's Complaint fails to give Defendant adequate notice of the claims against it and the grounds for each claim. To comply with Rule 10(b), Plaintiffs must adequately allege factual allegations into numbered paragraphs to sufficiently state a claim and allow Defendant to respond to each claim individually. Plaintiff must separate her causes of action into separate counts and clarify the factual allegations supporting each claim.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 3] is **GRANTED.** If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) she **must file a recast Complaint** within 21 days of the date of this Order, which will supersede her original Complaint. This recast Complaint **MUST** be filed in accordance with the directives contained in this Order.  If Plaintiffs fail to respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

Plaintiff's "Motion for Default Judgment as to Royal Covenant & Heavenly Decree of Redemption, Abundance, Restitution & Sovereignty" [Doc. 5] is **DENIED** as patently frivolous.

---

[33] *Weiland*, 792 F.3d at 1323 (footnote omitted).

**SO ORDERED,** this 5th day of December, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT