**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHATORIA K. PITTS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:25-CV-347 (CAR)** |
| | : | |
| **MACON WATER AUTHORITY,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER DISMISSING AMENDED COMPLAINT**

Currently before the Court are *pro se* Plaintiff Shatoria K. Pitts's Amended Complaint [Doc. 7] and Motion for Leave to File Amended Complaint [Doc. 8] she filed after this Court ordered Plaintiff to recast her Complaint upon the Court's frivolity review under 28 U.S.C. § 1915(e)(2). The Court **GRANTS** Plaintiff's Motion to Amend [Doc. 8] and therefore accepts her second Amended Complaint [Doc. 8-1] as the operative complaint in this action ("Second Amended Complaint"). Having reviewed Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds it fails to state a claim for relief. Thus, for the reasons explained below, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

On December 5, 2025, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but found Plaintiff failed to allege facts sufficient to establish this Court had jurisdiction over this case or to state any viable claim for relief and allowed Plaintiff

the opportunity to file a recast complaint.[1] Plaintiff has now filed an amended complaint, but it also fails to state a claim for relief.

In her Second Amended Complaint, Plaintiff alleges she maintained water service through Defendant Macon Water Authority and submitted "a payment instrument" in June 2025.[2] Defendant accepted and processed her payment, but "[d]espite this … Defendant continued to issue billing statements."[3] Defendant terminated her water service on August 14, 2025, "without adequate notice or opportunity to contest the action."[4] Thus, Plaintiff made an additional payment on August 16th "under protest."[5] Plaintiff was evicted from her residence on September 3, 2025, billing statements from Defendant continued, and "these events caused financial and emotional harm."[6]

Plaintiff asserts claims for violations of her procedural due process rights, "civil rights," "property interest deprivation," and "contract and payment dispute."[7]

## ANALYSIS

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks

---

[1] Order on Motion to Proceed in Forma Pauperis [Doc. 6].
[2] Second Amended Complaint [Doc. 8-1, p. 2].
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* at pp. 2-7.

monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9] A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."[10] Dismissals on this ground should only be ordered when legal theories are "indisputably meritless,"[11] or when the claims rely on factual allegations that are "clearly baseless."[12] "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."[13] Although *pro se* pleadings are held to a less stringent standard and construed liberally,[14] a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure.[15]

Plaintiff fails to plausibly state any claim for relief. Plaintiff first asserts a violation of her procedural due process rights under the Fourteenth Amendment. She alleges she had a protected property interest in her water service, and her "water service was terminated without adequate procedural safeguards."[16] To state a procedural due process

---

[8] 28 U.S.C. § 1915(e)(2)(b).
[9] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[10] *Id.*
[11] *Id.*
[12] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).
[13] *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).
[14] *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).
[15] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).
[16] Second Am. Compl., p. 3.

claim under 42 U.S.C. § 1983, Plaintiff must plead (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.[17] Here, Plaintiff has failed to allege Defendant provided constitutionally inadequate process. Her Amended Complaint contains only the threadbare recital that "water service was terminated without adequate procedural safeguards" but fails to explain how the process was inadequate or the role Defendant played in the process.

Likewise, Plaintiff's claims for "civil rights violation," "property interest deprivation," and "contract and payment dispute" are vague recitals that Defendant's "conduct deprived Plaintiff of rights secured by the Constitution";[18] her property "interest was deprived without constitutionally sufficient procedures";[19] and "continued billing occurred despite payment."[20] Plaintiff identifies no discernable cause of action.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Amend [Doc. 8] and therefore accepts her Second Amended Complaint [Doc. 8-1] as the operative complaint in this action. Having reviewed Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds it fails to state a claim for relief, and thus Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

---

[17] *See Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir. 2006) (citation omitted).
[18] Second Am. Compl, p. 3.
[19] *Id.* at p. 4.
[20] *Id.* at p. 5.

**SO ORDERED,** this 9th day of October, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT